IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiffs,

vs.

THOMAS WHITLOW,

Defendant.

**4:14CR3015**

**MEMORANDUM AND ORDER**

During the hearing held on June 20, 2014, Defendant stated the court should not have interpreted his pro se letter, (Filing No. 116), as a motion to dismiss for improper venue or for violation of the Speedy Trial Act. He claims he sent it to the "U.S. Department of Justice," not the court. The envelope attached to the letter confirms his statement, but with no DOJ location at "100 Centennial Mall N" in Lincoln, Nebraska, the letter was delivered to the Clerk's office and filed on the court's docket.

The letter clearly states Whitlow believes his case must be dismissed for lack of venue and failure to be timely tried under the Speedy Trial Act. These issues are not new. When the defendant requested new counsel at the outset of the case, the defendant claimed a Nebraska court has no jurisdiction; that Nebraska is an improper venue for litigating the criminal charges. The defendant claimed that to the extent his initial attorney, John Vanderslice, did not agree with the defendant's interpretation of venue law, Mr. Vanderslice was lying to the defendant. And if the court agreed with Mr. Vanderslice on the venue claim, the court was "in cahoots" with Mr. Vanderslice against the defendant. (Filing No. 66). A new attorney was appointed.

With a new attorney present and representing his interests, the defendant again spoke to the court on his own behalf at a status hearing held on May 15, 2014. At that time, Whitlow again demanded the right to file pretrial motions for dismissal, and he also

demanded an immediate trial setting. When advised that filing pretrial motions would delay setting the case for trial, the defendant stated he would forego filing the pretrial motions in exchange for an immediate trial setting. (Filing No. 111). Judge Kopf, the assigned presiding judge, set the trial to commence before him on July 20, 2014. (Filing No. 112).

The defendant's pro se letter raising Speedy Trial Act and improper venue claims as grounds for dismissal was received by the court on May 29, 2014. Irrespective of the defendant's intent in drafting and sending the letter, in light of the history of this case, including Whitlow's personal assertion of venue and Speedy Trial Act claims which never formally raised by his counsel, the defendant's letter was interpreted as a pro se pretrial motion for dismissal; filed by the defendant himself in lieu of relying on the advice of his appointed counsel.

The case was removed from the trial docket to fully consider the defendant's pro se motions. In the interim, Judge Kopf's health declined. Thus, even had Defendant's case not been removed from the trial calendar to consider Defendant's pro se motions, the trial would not have commenced beginning on July 20, 2014: Judge Kopf was unable to preside over a trial on July 13, 2014, and he remains unable to do so at this time.

On June 19, 2014, the government filed a motion to take material witness depositions of elderly persons who the defendant allegedly defrauded for money. The defendant was advised that absent his consent to deposition testimony at trial, the defendant will either need to be transported to the witnesses (located throughout the country) for trial depositions, or the court will need to convene an evidentiary hearing as to whether the witnesses are truly unavailable to appear at a trial in Nebraska. After being so advised, the defendant did not waive his rights under the Confrontation Clause as to the elderly witness/victims the government intends to call.

Accordingly,

IT IS ORDERED:

1) A Rule 15(a) evidentiary hearing on the government's motion for depositions, (Filing No. 131), will be held before the undersigned magistrate judge on July 15, 2014, at 10:00 a.m. in Courtroom #2, United States Courthouse, Lincoln, Nebraska. Two hours have been set aside for this hearing.

2) The defendant, defense counsel, and counsel for the government shall be present at this hearing.

3) Pursuant to NECrimR 12.5, copies of all exhibits expected to be offered into evidence during the hearing, except those to be used for impeachment only, shall be delivered to the chambers of the undersigned at least twenty-four (24) hours before the hearing and, at the outset of the hearing, to the extent reasonably possible, the parties shall provide the undersigned and the courtroom deputy with a written list of all witnesses the parties expect to call.

4) Trial of this case remains continued pending the resolution of pretrial motions.

5) As the anticipated evidence is accumulated in this case, the government shall redact all information described in Federal Rule Of Criminal Procedure 49.1(a) from any medical records, or other confidential records, of the government witnesses before the documents are produced to defense counsel. Upon receipt, defense counsel may be discuss the information within the documents with the defendant, but the defendant will not be allowed to retain a copy of any government witness' medical or confidential records, even if redacted, absent a court order allowing such disclosure.

June 23, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge