IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>THOMAS WHITLOW,<br><br>                    Defendants. | **4:14CR3015**<br><br>**FINDINGS, RECOMMENDATION,<br>AND ORDER** |

The defendant filed a pro se motion to dismiss his criminal case for improper venue, for insufficient evidence, and for violation of his speedy trial rights. (Filing No. 116). The government filed a motion to preserve trial testimony by deposition. (Filing No. 131). Both are pending before me for findings and a recommendation. For the reasons discussed below, the undersigned magistrate judge finds the pro se motion to dismiss should be denied, and the motion to preserve testimony by deposition for use at trial should be granted.

## FACTUAL BACKGROUND

Thomas Whitlow first appeared before me for an initial appearance on a criminal complaint on February 11, 2014. Whitlow was charged with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. During the defendant's initial appearance, Attorney John Vanderslice was appointed to represent the defendant. (Filing Nos. 21-25). The government orally moved for detention. That motion was heard on February 13, 2014. Following the hearing the court entered an order of detention, explaining:

> [T]he defendant has a criminal record which indicates a propensity to violate the law and orders of the court; has a propensity to commit theft resulting in harm to others; is subject to several outstanding warrants; has failed to appear for court proceedings in the past; and no conditions or combination of conditions are currently available which will sufficiently ameliorate the risks posed if the defendant is released.

(Filing No. 43).

A 12-count indictment was entered against the defendant on February 19, 2014. (Filing No. 51).  The indictment alleges that from May 31, 2011, and until November 1, 2013, the defendant conspired with co-defendants Tempest Amerson, Yolanda Clemons, Isys Jordan, and Rosland Starks to defraud elderly people and obtain money and property from them.  The indictment alleges the defendants called elderly individuals, pretended to be a family member or a person acting on behalf of a family member, and claimed the family member urgently needed money to, for example, post bond, pay for the services of an attorney, pay for damage caused by a car accident, buy gas, or purchase a new investment.

As set forth under "Overt Acts" in the indictment, the alleged victims are:

A.K., Sheridan, Wyoming
K.R., Hamilton, Virginia
R.H., Soddy Daisy, Tennessee
E.E., Pocahontas, Arkansas
J.M., North Charleston, South Carolina
E.B., Covington, Virginia
T.V., Benton, Arkansas
S.B., Miller's Creek, North Carolina

(Filing No. 51, at CM/ECF p. 4-5).  For all but two of the alleged overt acts of the conspiracy, the elderly victims allegedly wire-transferred money into Nebraska.  And from Nebraska, the money was, in turn, wire transferred to Kansas City, Kansas or Kansas City, Missouri.  (Filing No. 51, at CM/ECF p. 4-5).  Whitlow was an alleged recipient of the money once it reached Kansas City.  (Filing No. 51, at CM/ECF p. 3).[1]

---

[1] Whitlow was still subject to supervised release on a Kansas federal conviction for fraudulent conduct against nine elderly victims when, as set forth in the current indictment, he allegedly repeated the same fraudulent conduct with the eight elderly victims identified in the current indictment.  (Filing No. 20-1, at CM/ECF pp. 7, 15-27).

Whitlow was arraigned on the indictment on February 24, 2014.  (Filing No. 57), and trial was set for April 21, 2014. (Filing No. 58).

On March 10, 2014, Whitlow's counsel, John Vanderlice, moved to withdraw. The motion explained:

> Whitlow has told counsel to withdraw from his case because his interests are not being represented to Whitlow's satisfaction.  Moreover, Whitlow has stated that he has sent a letter to the Nebraska State Bar Association complaining about counsel's representation.  Further, Whitlow has stated that counsel is working with the prosecutor in this matter such that counsel is not representing Whitlow to the best of counsel's ability.

(Filing No. 63).  A hearing was held on the motion to withdraw on March 12, 2014. During the hearing, the defendant accused Mr. Vanderslice of lying to Whitlow about the federal venue laws, and stated that if the court agrees with counsel's interpretation of the federal venue law, the court is "in cahoots" with defense counsel and the government. The court granted Mr. Vanderslice's motion to withdraw.  During the hearing, the court also advised Whitlow that if he continues to refuse to eat while incarcerated, that refusal is his choice:  It will not result in the defendant's release from detention, and it will harm the defendant and no one else.  (Filing No. 66).

CJA-appointed counsel Jonathan M. Braaten entered his appearance as counsel for Whitlow, and on April 9, 2014, he moved to continue the trial, explaining that due to his recent appointment, he needed additional time to review discovery and prepare for trial. Mr. Whitlow agreed to a 30-day continuance.  (Filing No. 82).  The motion was granted on April 11, 2014, and based on the court's calendar, trial was rescheduled for May 20, 2014, with the time between April 11, 2014 and May 20, 2014 excluded under the Speedy Trial Act.  (Filing No. 83).

On May 15, 2014, a status hearing was held with counsel for the government, defense counsel, and the defendant.  Defense counsel stated the defendant wanted to file a motion to dismiss for lack of venue, for violation of the Speedy Trial Act, and for insufficient evidence, and a motion to suppress his co-defendants' statements.  The defendant was told he could not have pretrial motions filed by his counsel, considered by the court, and ruled on <u>and</u> also have an immediate trial.  The defendant asked his counsel if the defendant could draft the pretrial motions and submit them to the court.  After being told by counsel that pretrial motions would delay the trial even if the defendant drafted the motions, the defendant stated he would forego filing motions in favor of having an immediate trial.  (Filing No. 111).  Trial was set to begin on June 18, 2014.  Based on the defendant's past and present conduct during court hearings, the defendant was reminded that his right to be present at trial is not absolute; that he must not interrupt the judge or witnesses during trial, or otherwise be disruptive.  (Filing No. 111).

On May 29, 2014, the court received defendant's pro se motion which stated his speedy trial rights were being violated, the Nebraska federal forum lacks venue to adjudicate all or part of the charges within the indictment, and the undersigned magistrate judge and District Judge Richard G. Kopf were engaged in "Misfeasance in Public Office."  The defendant's motion states "insufficient evidence exists for an indictment on a criminal charge, . . . my right to a speedy trial is violated, [and] I pray and request this matter be investigated and upon your conclusion discover my rights violated [and] justice be served."  (Filing No. 116, at CM/ECF p. 3).[2]

---

[2]The defendant claims he did not intend to file a motion; that he merely sent a letter to "US Justice Dept, 100 Centennial Mall N, Lincoln, NE 68102."  No such office exists in the Lincoln federal building (100 Centennial Mall N.).  The letter was delivered to the Clerk of the Court, filed of record, and deemed a motion.  The court was not advised that the letter was not intended to be a motion before the hearing on June 20, 2014.

Irrespective of whether the defendant intended the letter to be a motion, rather than a complaint to an outside agency, the court will address the defendant's concerns.  And as explained in the opinion below, irrespective of whether the letter is a motion, the time for

To the extent the motion requested recusal of the undersigned magistrate judge, the request was denied on June 2, 2014.  Whitlow's trial was continued and a hearing on his motion to dismiss was set for June 20, 2014.  (Filing No. 124).

On June 19, 2014, the government filed a motion to take depositions for use at trial.  That motion was initially addressed at the hearing on June 20, 2014.  After significant discussion about the electronic options available in the court, and the difficulty with moving the defendant to the deposition locations, the defendant strenuously objected to any depositions being used and any videoconferencing options.  Acknowledging that a trial continuance would be necessary, the defendant nonetheless objected to the government proceeding by proffer to show "exceptional circumstances" as required under Rule 15.  He requested an evidentiary hearing.  The hearing was set for July 15, 2014.  (Filing No. 134).

On July 14, 2014, the Marshal moved the defendant from a detention location in Omaha, Nebraska to the Saunders County jail in Wahoo, Nebraska.  The defendant arrived at the Saunders county facility at 4:10 p.m.  Upon arrival, he announced he did not eat meat.  He refused to comply with the booking process.  When served a meal that included meat, he demanded a meatless meal.  He was told he must submit a sick call to the medical department so he could explain his circumstances and be placed on a meatless diet.  The defendant became very upset, demanded another meal, and rather than eat the non-meat portions of the meal he had received, kicked his door, causing his meal tray to fall on the floor.  Then, yelling profane language, the defendant threatened to cause physical harm to the staff and other inmates, and damage the building itself.  He climbed on the toilet to reach the sprinkler head, and when told he would be charged if he broke it, stated:

---

consideration of the defendant's arguments was already excluded under the Speedy Trial Act due to filed motions or noticed plea hearings for Whitlow's co-defendants.

> I told you I will [mess] this building up!  I will force you to move me to
> another facility!  I will wear you out!  I will throw shit and piss on staff!
> I've done it before and I will do it again, check my record!

([Filing No. 161-1](#)).  The defendant was cited for "Refusing direct orders. Making threats towards staff, inmates and facility," and placed in Immediate Segregation.

The following morning, at the outset of the hearing on the government's motion to permit deposition testimony, the Marshal informed the court that the defendant had stated on three separate occasions that the only way he was leaving the federal courthouse was if he was carried out of the building.  On the court's inquiry, the defendant acknowledged making those statements, but said the statements should not be interpreted as threats of suicide.  His counsel agreed.  The defendant admitted to throwing a tray while in the Saunders County Jail, explaining he did so because the jail knew he did not eat meat and served him meat anyway.  He denied making any threats. The court determined the defendant is angry and volatile, and he is competent.

The government seeks to depose three victim witnesses named in the indictment, E.B., E.E., and J.M.

- E.B. is from Covington, Virginia, and is a material witness for the government as to Count 1, ¶ 7, overt acts (k) and (l); and Count 6.  Covington, Virginia is over 1000 miles from Lincoln, Nebraska, and approximately 100 miles from the closest federal court, located in Lynchburg, Virginia.

  E.B. is in her 80s.  She has many chronic health problems, including hypertension, rectal bleeding, urinary incontinence, chronic knee pain, chronic back pain for which she wears a brace, primary hypothyroidism, vertigo, macular degeneration, bilateral cataracts, depression, and anxiety. Her doctor states that E.B's constellation of medical issues prevent her from all but the shortest trips.  The doctor does not believe E.B. can make the trip to Nebraska.  (Exs. 1-1A).

- E.E. is from Pocahontas, Arkansas and is a material witness for the government as to Count 1, ¶ 7, overt acts (g) and (h).  Pocohontas, Arkansas is over 500 miles

6

from Lincoln, Nebraska, and approximately 100 miles from the closest federal court, located in Memphis, Tennessee.

E.E. is 84 years old.  She has fairly severe osteoarthritis in her knees, and she experiences significant stiffness and pain when she sits for more than 30 minutes. She also has diabetes which, although fairly well controlled, may fluctuate if her routine is changed.  Due to her chronic medical problems, her doctor believes E.E. should not travel long distances by car or airplane.  (Exs. 2 & 2B).

- J.M. is from North Charleston, South Carolina, and is a material witness for the government as to Count 1, ¶ 7, overt acts (i) and (j); and Count 10.  North Charleston, South Carolina is over 1200 miles from Lincoln, Nebraska, but less than 20 miles from the federal courthouse located in Charleston, South Carolina.

  J.M. has End Stage Lung Disease due to COPD/emphysema with chronic hypoxic respiratory failure.  He needs frequent rescue bronchodilator therapy and continuous oxygen therapy, which limits his ability to travel outside his home for any extended period of time.  Due to J.M.'s disability and his need for access to oxygen therapy, his doctor recommends that he not travel.  (Exs. 3-3C).

During the hearing held on June 20, 2014, the defendant vehemently objected to any deposition testimony from the foregoing witnesses, asserting the government had failed to show exceptional circumstances prevented these witnesses from appearing at trial in Lincoln.  The defendant further objected to using any videoconferencing methods for securing their testimony by deposition prior to trial or live at trial (with counsel for the government, defense counsel, and the defendant in a Lincoln courtroom and the witness in a federal courthouse or videoconference facility near the witness' home).  The defendant asserts his right under the Confrontation Clause to be physically present with the alleged victims while they testify.

The court requested post-hearing briefing on whether videoconferencing options would violate the Confrontation Clause under the scenarios available through the court's current technology, and what impact, if any, defendant's volatile conduct while detained may have on the analysis of his right to attend out-state depositions of material witnesses.

The government was given until July 22, 2014 to file its brief, with the defendant's brief due on July 29, 2014.

Following the evidentiary hearing, the Marshal submitted additional information to the court regarding the defendant's conduct while detained.  (Filing No. 165).  The court filed these documents as a restricted access filing, (Filing No. 165), and entered an order stating the parties must raise any objections to this additional evidence by no later than July 28, 2014, in the absence of which the records within Filing No. 165 would be received as evidence on the government's motion for depositions.  Neither party objected.  The evidence in filing no. 165 is therefore considered part of the court's record on the motion for depositions.

The government moved for additional time to submit its brief, stating that before filing a brief, it needed to know whether the post-hearing information provided by the Marshal was part of the evidentiary record.   The government explained "[t]his information may be of particular importance since the Defendant would need to be moved to various jails throughout the United States in order to be present for depositions if the Court so ordered."  (Filing No. 179, at CM/ECF p. 2).  The defendant did not respond to the government's motion to continue it briefing deadline.  On July 28, 2014, the court entered an order stating the government's brief must be filed on or before July 28, 2014, with defendant's response due on or before August 8, 2014.  The court waited for the defendant's response, but the defendant did not file a responsive brief.  The government's motion for depositions was therefore fully submitted and under advisement as of August 9, 2014.

The additional records supplied by the Marshal after the July 15, 2014 hearing indicate that while housed at the Saline County Jail in Wilbur, Nebraska:

- On March 10, 2014, the defendant refused a direct order to get off the stairs. (Filing No. 165, at CM/ECF p. 4).

- On March 11, 2014, the defendant refused to eat and began pounding on the door and yelling that he was going to break the glass.  When he refused to state he would stop kicking the door, the defendant was placed in a restraint chair. His room was then checked, and the guards discovered that the defendant had torn pages out of several law books.   (Filing No. 165, at CM/ECF pp. 2-3).

- On March 15, 2014, the defendant refused to quit yelling at a female inmate at the jail, and he became very upset and belligerent, repeatedly stating "he could talk to whoever in the hell he wanted to" and that the guard "was not going to tell him what to do." (Filing No. 165, at CM/ECF p. 6).

- On March 17, 2014, the defendant declared his intent to continue receiving write-ups because "there was no way he was leaving Seg 4 to go back to the general population." (Filing No. 165, at CM/ECF p. 7).

- On March 29, 2014, the defendant began yelling to his wife in the jail.  After being told to stop, the defendant stated, "I'm gonna cut out . . . by breaking glass, throwing feces, the boxing will come out if I can't see or talk to my wife."  He stated he would spit in the face of one of the guards.  When advised that such conduct could lead to a longer sentence, the defendant stated, "I'm gonna get locked down, break windows," and the guards could "taze him over and over" but he would still get back up." (Filing No. 165, at CM/ECF pp. 8-9).

- On April 4, 2014, the defendant began yelling at co-defendant Rosland Starks who was also confined at the Saline County jail.  The guards told the defendant to quit.  He refused.  Whitlow was ordered out of his cell and handcuffed.  The defendant responded by threatening to spit at the guards, and stated he would "get even" with them. (Filing No. 165, at CM/ECF pp. 10-11).

- On April 6, 2014, the defendant started kicking at the door and yelling names at the guard when the guard refused to open the hatch of the defendant's jail door.  (Filing No. 165, at CM/ECF p. 12).

## LEGAL ANALYSIS

This opinion addresses the defendant's pro se motion to dismiss for insufficient evidence, violation of the Speedy Trial Act, and improper venue; and the Government's motion to preserve trial testimony by depositions, along with the methods to be used during the depositions.

## Defendant Whitlow's Pro Se Motion to Dismiss
### (Filing No. 116)

1)      Motion to Dismiss for Insufficient Evidence.

Whitlow claims the government lacks sufficient evidence to prosecute the indictment.  A court cannot dismiss a facially valid indictment because it weighed the evidence supporting a probable cause finding and concluded the indictment is supported by incompetent or insufficient proof.

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay  would be great indeed.  The result of such a rule would  be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.  This is not required by the  Fifth Amendment.  An indictment returned by a legally  constituted and unbiased grand jury, like an  information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the  merits.  The Fifth Amendment requires nothing more.

Costello v. U.S., 350 U.S. 359, 363 (1956).  See also U.S. v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985)(a facially valid indictment should not be dismissed for insufficient evidence if there is some competent evidence to sustain the charge issued).

10

A grand jury found there was probable cause to indict Whitlow.  The indictment is facially valid:  It includes all the elements of the crime charged.  Whitlow's motion to dismiss the indictment for insufficient evidence should be denied.

2)    Motion to Dismiss for Violation of the Speedy Trial Act.

The defendant claims the indictment against him must be dismissed for violation of the Speedy Trial Act.  The Act governs when a trial must commence against a federal criminal defendant:  It governs when the time clock begins to run and what days are counted or excluded when determining whether a defendant has been afforded a timely trial.  An indictment must be dismissed, on motion of the defendant, if the 70-day limit of the Speedy Trial Act is violated.  United States v Dezeler, 81 F.3d 86, 89 (8th Cir. 1996).

After applying the terms of the Act to Whitlow's case, I find a total of 21 days have accrued on Whitlow's speedy trial clock.  The following sets forth the court's calculation of that time.

February 25, 2014 is the starting date for calculating Whitlow's accrued time under the Speedy Trial Act.  This case began as a criminal complaint, and all five defendants were charged in that complaint.  All five were then indicted on February 19, 2014.  But co-defendant Isys Jordan did not appear before the court on the criminal complaint, and did not appear on the indictment until February 25, 2014.  (Filing No. 59).

Under 18 U.S.C. 3161(c)(1):

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has

11

appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. 3161(c)(1).  Section 3161(h)(6) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. 3161(h)(6).  Read together:

> [W]hen a newly . . . arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy trial clock of the newly added codefendant. . . . Thereafter, all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants.

U.S. v. Lightfoot, 483 F.3d 876, 885-86 (2007) (citing United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998)).

Since co-defendant Isys Jordan did not appear before this court until after the indictment was filed, the date of her appearance, February 25, 2014, starts the speedy trial clock.  18 U.S.C. 3161(c)(1).  And as to all co-defendants whose speedy trial clocks had already started running, their clocks (including defendant Whitlow's) were reset to begin on February 25, 2014.

Between February 25, 2014 and March 10, 2014, when Whitlow's first appointed counsel filed his motion to withdraw, 12 days accrued.  (Filing No. 62).  However, the motion for new counsel stopped the clock.   Under 18 U.S.C. 3161(h)(1)(D), "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded when calculating time under the Speedy Trial Act.  Any pretrial motion is excludable under § 3161(h)(1)(D).  The effect of § 3161(h)(1)(D) is not limited to those motions enumerated

in Federal Rule of Criminal Procedure 12(b)(2).   United States  v. Moses, 15 F.3d 774, 777 (8th Cir. 1994).

The court granted the motion to withdraw on March 12, 2014.  March 10, 2014 through March 12, 2014 are excluded under the Speedy Trial Act, (18 U.S.C. 3161(h)(1)(D)).  And the clock began to run again on March 13, 2014.

Between March 13, 2014 and March 22, 2014, when co-defendant Clemons filed a motion to reconsider her detention, (Filing No. 68), nine days accrued.  The motion to reconsider detention again stopped the clock.  Moses, 15 F.3d at 777 (holding a motion to consider pretrial detention issues is a "pretrial motion" within meaning of the Speedy Trial Act).

Due to the defendants' overlapping motions and exclusions of time under the Speedy Trial Act, after March 22, 2014, no days have accrued under the Act. Specifically, the following time frames are excluded for the purposes of calculating time under the Speedy Trial Act.

March 22, 2014 through March 27, 2014.

Clemons' motion to reconsider was filed on March 22, 2014, (Filing No. 68), and was denied on March 27, 2014, (Filing No. 75).   The time from March 22, 2014 through March 27, 2014 is excluded under 18 U.S.C. 3161(h)(1)(D).

March 26, 2014 through May 5, 2014.

On March 26, 2014, co-defendant Rosland Starks filed her motion to sever. (Filing No. 73).   The motion was under advisement effective April 9, 2014. (Filing No. 81).  After a motion is fully submitted, an additional period of up to thirty days is excluded under the Act to accommodate the court's consideration

13

and determination of the motion.   18 U.S.C. § 3161(h)(1)(H)).  The court denied
the motion to sever within that 30-day timeframe on May 5, 2014.  (Filing No.
93).  The time from March 26, 2014 through May 5, 2014 is excluded under 18
U.S.C. 3161(h)(1)(D) and 18 U.S.C. § 3161(h)(1)(H).

April 4, 2014 through April 11, 2014.

At co-defendant Clemons' request, an order was entered on April 4, 2014 setting
Yolanda Clemons's change of plea hearing was for April 11, 2014.  (Filing No.
90).  A request to enter a change of plea is a "motion" for purposes of the Speedy
Trial Act, and the period between the order setting a plea hearing and the date of
the hearing is excluded under the Act.  U.S. v. Mallett, 751 F.3d 907, 911 (8th Cir.
2014).[3]   Accordingly, the time from April 4, 2014 through April 11, 2014 is
excluded under the Act.

April 9, 2014 through May 20, 2014.

Whitlow moved to continue his trial on April 9, 2014.  (Filing No. 82).  The
motion was granted:  His trial was continued and a status hearing was set for May
20, 2014 (later re-scheduled to May 15, 2014).  The order granted the defendant's
motion stated the time between April 11, 2014 and May 20, 2014 was excluded
under the Speedy Trial Act, in the interests of justice and with the defendant
understanding and consent, because Whitlow's newly appointed counsel needed
additional time to review discovery and prepare for trial.  (Filing No. 83).

---

[3] The order setting the change of plea hearing states the time between April 4, 2014, and
the district court judge's acceptance or rejection of that anticipated plea was excluded for
the purposes of computing time under the Speedy Trial Act.  Yolanda Clemons' plea of
guilty was accepted by District Judge Richard G. Kopf on May 6, 2014.  (Filing No. 95).

April 23, 2014 through May 6, 2014.

At co-defendant Starks' request, an order was entered on April 23, 2014 setting Rosland Starks' change of plea hearing for May 6, 2014.[4] (Filing No. 92). The time between April 23, 2014 and May 6, 2014 is excluded under the Act. See Mallett, 751 F.3d at 911.

April 7, 2014 through May 30, 2014 is excluded under the Act.

At co-defendant Amerson's request, an order was entered on April 17, 2014 setting Tempest Amerson's change of plea hearing for May 14, 2014.[5] (Filing No. 91). On the motion of Amerson's counsel, the plea hearing was continued to May 30, 2014. (Filing No. 109). The time between April 17, 2014 and May 30, 2014 is excluded under the Act. See Mallett, 751 F.3d at 911.

May 14, 2014 through July 14, 2014.

At co-defendant Jordan's request, an order was entered on May 14, 2014 setting Isys Jordan's change of plea hearing for July 14, 2014,[6] (Filing No. 105). The

---

[4] The order setting the change of plea hearing states the time between April 23, 2014 and the district court judge's acceptance or rejection of that anticipated plea was excluded for the purposes of computing time under the Speedy Trial Act. (Filing No. 92). Rosland Starks' plea of guilty was accepted by District Judge Richard G. Kopf on May 21, 2014. (Filing No. 114).

[5] The order setting the change of plea hearing states the time between April 17, 2014 and the district court judge's acceptance or rejection of that anticipated plea excluded for the purposes of computing time under the Speedy Trial Act. (Filing No. 91). Tempest Amerson's plea of guilty was accepted by District Judge John G. Gerrard on June 27, 2014. (Filing No. 140).

[6] The order setting the plea hearing states the time between May 14, 2014 and the district court judge's acceptance or rejection of that anticipated plea excluded for the purposes of computing time under the Speedy Trial Act. (Filing No. 105). Isys Jordan's plea of

time between May 14, 2014 and July 14, 2014 is excluded under the Act.  See
Mallett, 751 F.3d at 911.  See also Henderson v. United States, 476 U.S. 321, 329
(1986) (holding delays encountered awaiting a hearing are excluded without
regard to whether the delay was reasonable or prompt).


May 29, 2014 through July 20, 2014.

On May 29, 2014, Whitlow filed a pro se motion to dismiss for violation of his
speedy trial rights and for improper venue.  (Filing No. 116).  On June 2, 2014, the
case was removed from the trial calendar and the defendant's motion was set for a
hearing to be held on June 20, 2014, so the parties could argue their respective
positions and submit any evidence in support of their positions.  (Filing No. 124).
On June 20, 2014, the defendant advised the court that his letter was not intended
to be filed with the court and was not intended to be a motion.  The defendant was
advised that the letter seeks relief and will be considered a motion.  No further
briefing was requested.  The motion was under advisement immediately after the
hearing.  The 30 days thereafter are excluded under the Speedy Trial Act.  18
U.S.C. § 3161(h)(1)(H).


June 19, 2014 through the date of these Findings and Recommendations.

On June 19, 2014, the government moved for leave to depose material witnesses
to preserve their testimony for trial.  (Filing No. 131).  An evidentiary hearing was
set on that motion for July 15, 2014.  (Filing No. 138).  Following the evidentiary
hearing, the court requested post-hearing briefs.  Based on the briefing schedule,
as later amended in light of new evidence submitted by the Marshal, the
defendant's brief was due on August 8, 2014.  The motion was therefore fully
submitted on August 9, 2014.  (Filing No. 167; Filing No. 174).  Henderson v.

guilty was accepted by District Judge John G. Gerrard on August 13, 2014.  (Filing No.
181).

U.S., 476 U.S. 321 (1986); U.S. v. Williams, 557 F.3d 943, 952 (8th Cir. 2009) ("After the hearing is over, the district court might require supplemental filings from the parties in order to properly resolve the motion. . . .The time during which the district court is awaiting these filings is excluded."). Up to 30 days thereafter is excluded under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(H). These findings and recommendations were filed within 30 days after the government's motion was fully submitted.

Twenty-one days have accrued, and 49 days remain on Whitlow's speedy trial clock. The indictment against him is not subject to dismissal under the Speedy Trial Act.

3)      Motion to Dismiss for Improper Venue.

The defendant claims this court is not the proper venue for prosecuting the charges against him. Under Rule 18 of the Federal Rules of Criminal Procedure:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. R 18. Venue is determined "from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703 (1946). In conspiracy cases, venue is proper "in any district where any conspirator commits an overt act, even if other conspirators were never physically present in that district." U.S. v. Nguyen, 608 F.3d 368, 374 (8th Cir. 2010).

Here, the defendant is charged with conspiracy to commit wire fraud. As set forth in the "overt acts" identified in the indictment, fraudulent wire transfers were allegedly

received in Nebraska, and forwarded by wire transfer from Nebraska. Even if Whitlow is claiming he did nothing in Nebraska, this court has venue over charges that he was instrumental in perpetuating wire fraud in this state and that he conspired with those who did carry out the fraudulent acts in Nebraska

The defendant's claim that the indictment should be dismissed for lack of venue should be denied.

### Motion to Preserve Trial Testimony by Deposition
### (Filing No. 131)

The government has moved for leave to depose material witnesses and present their testimony by deposition. Under Rule 15(a) of the Federal Rules of Criminal Procedure, "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a).

The government, as the moving party, bears the burden of showing that "exceptional circumstances" justify preserving the trial testimony of E.B., E.E., and J.M. by deposition. To establish exceptional circumstances, the government must prove: 1) the witness is unavailable to attend the trial, and 2) the testimony is material to the government's case. In addition, allowing the proposed depositions must promote the interests of justice. U.S. v. Liner, 435 F.3d 920 (8th Cri. 2006).

"Courts do not require a very strong showing of unavailability. . . Rather, a prospective deponent will be unavailable for the purpose of Rule 15(a) if 'a substantial likelihood exists that [he or she] will not testify at trial.' " United States v. Vo  2014 WL 3056502, 1 (D.D.C July 1, 2014) (collecting cases). The government has shown that E.B., E.E., and J.M. live a substantial distance from the Lincoln federal court, and they

each suffer from illnesses and disabilities that render them unable to safely travel, or to travel without enduring substantial and prolonged pain.  The government has clearly shown that E.B., E.E., and J.M. are unavailable to attend trial in Nebraska.  See, e.g., U.S. v. Keithan, 751 F.2d 9, 12 (1st. Cir. 1984) (finding exceptional circumstances warranted deposing government witnesses who were of advanced age and suffered from physical infirmities which prevented them from leaving their home which was sixty miles from the courthouse; "Such physical infirmities qualify as "exceptional circumstances.").

The government has also shown materiality.  E.B. is the alleged victim identified in Court 6, and in Count 1, ¶ 7, overt acts (k) and (l).  E.E. is the alleged victim identified in Count 1, ¶ 7, overt acts (g) and (h).  J.M. is the alleged victim identified in Count 1, ¶ 7, overt acts (i) and (j), and in Count 10.  As victims who were directly contacted and involved in the fraudulent acts allegedly committed by the defendant and his conspirators, E.B., E.E., and J.M. are clearly material witnesses in the government's case.

Absent the deposition testimony of E.B., E.E., and J.M., the government may be unable to present sufficient or convincing evidence to prove Counts 6 and 10 of the indictment, and they may be unable to prove three of the overt acts of the conspiracy alleged in Count 1.  As such, the interests of justice require permitting these government witnesses to be deposed.

Based on the evidence presented, the court finds that to promote the interests of justice, three government witnesses (E.E., E.B., and J.M.) must be deposed in order to preserve their testimony for trial because exceptional circumstances exist which prohibit or substantially hinder their respective abilities to testify at a trial in Nebraska.

Rule 15, along with the Confrontation Clause, governs whether the defendant must be permitted to attend any depositions taken for trial.  Under Rule 15, if the deposition will be taken in the United States and the defendant is in custody:

> [The officer who has custody of the defendant must produce the defendant at the deposition and keep the defendant in the witness's presence during the examination, unless the defendant:
>
> > (A) waives in writing the right to be present; or
> >
> > (B) persists in disruptive conduct justifying exclusion after being warned by the court that disruptive conduct will result in the defendant's exclusion.

Fed. R. Crim. P. 15(c)(1).

Rule 15 comports with the Confrontation Clause of the Sixth Amendment.  The central concern of the Confrontation Clause "is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact."   Maryland v. Craig, 497 U.S. 836, 845 (1990).  The Clause affords a criminal defendant the right to confront trial witnesses face to face and the right to conduct rigorous cross-examination of those witnesses. See Coy v. Iowa, 487 U.S. 1012, 1017 (1988).  Except perhaps in very limited circumstances, the right to confront an accuser means the right to be physically present when a witness provides testimony that the jury will hear.  Don v. Nix, 886 F.2d 203, 206-207 (8th Cir. 1989).  "The right can be waived where a defendant is disruptive or seeks to intimidate a witness," (id.), or by knowingly and voluntarily providing a written waiver as required under Rule 15.  But absent these circumstances, a defendant is entitled to personally attend a deposition that will be used at trial.  Don v. Nix, 886 F.2d at 206-207.

The defendant has not waived his right to attend the depositions of any material witnesses for this case.  And although the court has substantial concern about how the defendant will conduct himself during depositions, his conduct in the courtroom thus far has not been sufficiently disruptive to justify removing him from the courtroom, and clearly does not warrant an assumption he will cross the line during the course of a

deposition.  The defendant is entitled to attend, with his counsel, the depositions of E.B., E.E., and J.M.

The defendant's conduct in confinement indicates he is prone to rage, defies authority, and refuses to be quiet when ordered to do so, all of which would certainty disrupt a deposition and likely intimidate any witness.  Therefore, while the defendant will be physically present with the witnesses as they are deposed, the court will preside over those depositions by videoconferencing.  Counsel shall arrange the deposition dates and times to assure that the court is available to monitor the depositions, and specifically, the defendant's conduct during the depositions.  The defendant is hereby warned that if the court believes the defendant is attempting to use his rights under the Confrontation Clause as a means to disrupt the deposition or intimidate elderly, disabled, and physically infirmed witnesses, the court will intervene immediately, will order the Marshal to remove the defendant from the deposition, and the deposition will be completed without the defendant present.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that:

1)      Defendant Whitlow's pro se motion to dismiss (Filing No. 116), be denied in its entirety.

2)      The government's motion for leave to take trial depositions of E.E., E.B., and J.M. (Filing No. 131) be granted, with the parties required to arrange the deposition dates and times to assure that the court is available to monitor the depositions by videoconferencing.

21

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on November 4, 2014, or as soon thereafter as the case may be called, for a duration of four (4) trial days.  This case is subject to the prior trial of criminal cases and such other civil cases as may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

September 5, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge