FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA
2014 NOV 19  AM 11: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS WHITLOW,<br><br>Defendant. | 4:14-CR-3015<br><br>ORDER |

This matter is before the Court on certain evidentiary objections made by the defendant and the defendant's Fed. R. Crim. P. 29 motion. The Court will overrule the objections and admit the controverted evidence, and deny the defendant's Rule 29 motion.

Over the defendant's objections the Court has, pursuant to *United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir. 1978), conditionally admitted evidence of statements alleged to have been made by the defendant, to a lesser extent by Yolanda Clemons, and to an even lesser extent by Tempest Amerson, Isys Jordan, and Rosland Starks. The government has offered these statements into evidence as co-conspirator's statements made in the course of and in furtherance of the conspiracy. To be fully admitted, the government must show by a preponderance of the evidence (1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy. *Id*. Pursuant to the *Bell* procedure, the Court now finds on the record that the government has met its burden.

In making that determination, the Court may consider the contents of the statements, although the government must also produce independent evidence outside of the statements themselves to establish the existence of the conspiracy. *United States v. Young*, 753 F.3d 757, 771 (8th Cir. 2014). The independent evidence here includes the testimony of Edna Bennett, Elvina English, and Keith Reasoner about the telephone calls that induced them to wire money to Tempest Amerson and Isys Jordan, the testimony of their relatives indicating that the money was wired under false pretenses, and the evidence from Moneygram and Western Union also connecting those transactions to Tempest Amerson and Isys Jordan. The Moneygram and Western Union evidence, along with the testimony of Tempest Amerson and Isys Jordan, connect the funds to Yolanda Clemons and, significantly,

Tempest Amerson and Yolanda Clemons testified about delivering money directly to the defendant. Although each of the witnesses denied knowing about the source of the funds, at least initially, each of them testified to their eventual understanding of the illegality of what was occurring. And Tempest Amerson, in particular, observed the defendant participating in the scheme, and testified to that effect.

Yolanda Clemons also testified that she recruited others to receive wire transfers, and arranged the receipt of the wire transfers, at the direction of the defendant. She said that the defendant directed her to look up telephone numbers from out-of-state obituaries. That testimony regarding the defendant's statements to her was independently corroborated by Tempest Amerson's direct observation of that scheme in operation. And the Court also notes that the people who were defrauded were led to believe that a *male* relative was in trouble, meaning that a male voice was likely on the other end of the telephone. The evidence suggests that voice was the defendant's.

Taken together, the preponderance of the evidence shows the existence of a conspiracy to defraud, and that the defendant and Yolanda Clemons were members of the conspiracy. The Court also finds that the statements were made during the course of and in furtherance of the conspiracy. In particular, Tempest Amerson's testimony dates the existence of the conspiracy as far back as at least May 2011 and at least through an attempted transaction in October 2013. Yolanda Clemons testified that she was asked to recruit others to arrange wire transfers as early as May 2011. That testimony is independently corroborated by the business records showing the wire transfers and the recorded telephone conversations. Isys Jordan also testified that she was asked to receive wire transfers in August 2011 and early September or late October of 2013, and that testimony was corroborated by business records.

Based on that evidence, particularly Yolanda Clemons', Tempest Amerson's, and Isys Jordan's testimony, the Court finds that the conspiracy existed between May 2011 and October 2013, encompassing the statements at issue. The Court further finds that the statements were made in furtherance of the conspiracy. Most of the statements directly furthered the conspiracy by arranging for the transfer of funds. Other statements were intended to prevent discovery of the conspiracy, by, for instance, planning what to do if a transaction was questioned, or allay the suspicions of the junior co-conspirators. But all furthered the object of the conspiracy.

In sum, the Court finds by a preponderance of the evidence that (1) that a conspiracy existed; (2) that the defendant and declarants were members of the conspiracy; and (3) that the declarations at issue were made during the course and in furtherance of the conspiracy. Accordingly, the

statements are admissible. They are not hearsay, pursuant to Fed. R. Evid. 801(d)(2)(E), nor are they barred by the Confrontation Clause, because the statements are not testimonial. *United States v. Avila Vargas*, 570 F.3d 1004, 1008–09 (8th Cir. 2009). Whether the jury believes all, some, or none of that evidence is up to the jury—but it is enough to show that the statements were in the course of and in furtherance of the conspiracy, so the testimony shall be fully admitted.

For similar reasons, the Court will overrule the defendant's Rule 29 motion. The government has adduced testimony from three of the victims of these crimes—Edna Bennett, Elvina English, and Keith Reasoner—as well as the testimony of Tempest Amerson observing the defendant participating in the scheme. Isys Jordan and Tempest Amerson also identified the recorded voice of the defendant facilitating these wire transfers. And, of course, Yolanda Clemons testified that the defendant was the primary actor in defrauding the victims of the crimes at issue, and directing the operation of the scheme. And business records from Moneygram and Western Union establish the transfer of the funds, from the victim and to Yolanda Clemons who testified that the money was received by the defendant. That testimony and evidence, if credited by the jury, would be sufficient to find the defendant guilty of conspiracy to commit wire fraud and wire fraud. Accordingly, the defendant's Rule 29 motion will be denied.

IT IS ORDERED:

1. The defendant's evidentiary objections to co-conspirator testimony are overruled.

2. Pursuant to *United States v. Bell*, the government's conditionally-admitted testimony is deemed admitted.

3. The defendant's Rule 29 motion is denied.

Dated this 19th day of November, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge