IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>THOMAS WHITLOW,<br><br>                Defendant. | 4:14-CR-3015<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 334) filed by the defendant, Thomas Whitlow. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

      A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant and four alleged co-conspirators were indicted in 2014 on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and eleven separate counts of wire fraud in violation of 18 U.S.C. § 1343. Filing 51. After a jury trial, the defendant was convicted of conspiracy and four counts of wire fraud. Filing 237. The defendant was sentenced on each count to 108 months' imprisonment, sentences to be served concurrently. Filing 301. The defendant appealed to the U.S. Court of Appeals for the Eighth Circuit, which affirmed the defendant's convictions and sentences. *United States v. Whitlow*, 815 F.3d 430 (8th Cir. 2016). The defendant moves to vacate his convictions pursuant to § 2255. Filing 334.

DISCUSSION

The defendant's § 2255 motion raises five issues: three claims for ineffective assistance of counsel, and two underlying jurisdictional claims. For reasons that will become apparent, it will be easier to dispose of the underlying jurisdictional claims before addressing the ineffective assistance of counsel claims.

FEDERAL COURT JURISDICTION OVER OFFENSE

The defendant's first jurisdictional argument is that the Court lacked jurisdiction over this prosecution because, among other things, the United States had not accepted territorial jurisdiction over the lands where the alleged offense took place. Filing 334 at 17-18. Thus, according to the defendant, the government "failed to establish and prove any federal criminal jurisdiction over the locus in quo." Filing 334 at 18.

But the source of legislative authority for the wire fraud statute is the Commerce Clause. *United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012); *see*, *United States v. Jinian*, 725 F.3d 954, 967-68 (9th Cir. 2013); *United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999); *United States v. Brumley*, 116 F.3d 728, 730 (5th Cir. 1997). All that is required for federal jurisdictional purposes is an allegation that the falsehoods composing the fraud were "transmitted by means of wire, radio, or television communication in interstate or foreign commerce . . . ." § 1343.

For that reason, the defendant's reliance on *Adams v. United States*, 319 U.S. 312 (1943), and *United States v. Prentiss*, 206 F.3d 960 (10th Cir. 2000), is misplaced. In *Adams*, the defendants were convicted of sexual assault on a military base, and it was found that the federal court lacked jurisdiction because the federal government had not, at the time, completed the process of accepting jurisdiction over the property. *Adams*, 319 U.S. at 315. But this case does not deal with property over which the government

was required to formally accept jurisdiction, and the Court has original jurisdiction of all violations of federal law. *United States v. Watson*, 1 F.3d 733, 734 (8th Cir. 1993); *see United States v. Deering*, 179 F.3d 592, 597 (8th Cir. 1999). *Adams* is not applicable here.[1]

Similarly, the issue in *Prentiss* was whether it was necessary, for a crime prosecuted under the Indian Country Crimes Act, 18 U.S.C. § 1152, to allege that the crime occurred between an Indian and a non-Indian. 206 F.3d at 966. The Tenth Circuit held that it was. *See id.* at 974; *see also United States v. Graham*, 572 F.3d 954, 956 (8th Cir. 2009). But obviously, this case was not prosecuted under the Indian Country Crimes Act. Instead, wire fraud—and conspiracy to commit wire fraud—are "within the extensive reach of the Commerce Clause[,]" *Louper-Morris*, 672 F.3d at 563, and the federal courts have original jurisdiction over the offense, *see Watson*, 1 F.3d at 734.

The defendant also suggests that the indictment was defective for failing to allege a material element of the offense. Filing 334 at 18, 20-21. But the sufficiency of the indictment was challenged on direct appeal; the Eighth Circuit's "review of the indictment shows it includes all the elements of the crimes charged." *Whitlow*, 815 F.3d at 433. And claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to § 2255. *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012); *see United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013).

### APPOINTMENT OF U.S. ATTORNEY

The defendant's second jurisdictional argument is based on his assertion that he "has recently discovered evidence that the Prosecution Deborah R. Gilg U.S[.] Attorney . . . was never appointed by the President of the United States; the Courts of Law; nor the Heads of Department of Justice[.]" Filing 334 at 22. The defendant argues that "Assistant United States Attorneys are to be appointed by the Attorney General" and that in this case, no such appointment was made. Filing 334 at 22.

It is not clear whether the defendant is complaining about the appointment of the U.S. Attorney for the District of Nebraska, Deborah K.R. Gilg, or the particular Assistant U.S. Attorney General (AUSA) who

---

[1] It appears that *pro se* jurisdictional challenges based on *Adams* are fairly common, and have been consistently rejected by the courts. *See*, *Logan v. United States*, No. 1:09-CR-12, 2015 WL 5098773, at *2 (M.D.N.C. July 6, 2015), *appeal dismissed*, 633 F. App'x 155 (4th Cir. 2016); *Abril-Perez v. United States*, No. 14-1350, 2014 WL 2894664, at *2 (D.P.R. June 25, 2014); *Taylor v. United States*, No. 1:04-CR-177, 2009 WL 1874071, at *3 (E.D. Tenn. June 29, 2009); *United States v. Genard*, No. 07-136, 2007 WL 2377140, at *1 n.1 (E.D. La. Aug. 16, 2007); *United States v. Farrell*, No. 07-174, 2007 WL 2348751, at *3 (N.D. Cal. Aug. 14, 2007).

prosecuted this case. In either case, the Court finds that the defendant's factual allegation is inherently incredible. Gilg's appointment as U.S. Attorney for the District of Nebraska is a matter of public record. *See* 155 Cong. Rec. S9942-06 (Sept. 29, 2009); *see also* 28 U.S.C. § 546(b). And the defendant has alleged no factual basis to support the bare assertion that either the U.S. Attorney, or the experienced AUSA who prosecuted the case, were somehow defectively appointed. In the absence of any supporting factual allegations, the defendant's conclusory assertion is incredible on its face.

But, even if taken at face value, the defendant's assertion would not warrant relief. Even an unauthorized appearance on behalf of the government does not deprive the Court of jurisdiction over criminal proceedings. *United States v. Plesinski*, 912 F.2d 1033, 1038 (9th Cir. 1990); *see*, *Johnson v. Sullivan*, 748 F. Supp. 2d 1, 13 n.6 (D.D.C. 2010); *United States v. Ruiz Rijo*, 87 F. Supp. 2d 69, 71 (D.P.R. 2000), *aff'd sub nom. United States v. Valdez-Santana*, 279 F.3d 143 (1st Cir. 2002); *United States v. Mendoza*, 957 F. Supp. 1155, 1158 (E.D. Cal. 1997); *cf. Levine v. United States*, 221 F.3d 941, 942-44 (7th Cir. 2000).

The defendant cites caselaw relating to the authority of a district attorney to settle a civil case without approval. Filing 334 at 23-24 (citing *United States v. Beebe*, 180 U.S. 343, 351-52 (1901)). That authority is inapplicable here, where the judgment the defendant seeks to collaterally attack was not entered based on a compromise. *Cf. Bear v. United States*, 810 F.2d 153, 158 (8th Cir. 1987). The defendant also relies on Fed. R. Crim. P. 6(d), claiming that an unauthorized person was present while the grand jury was in session. That argument is equally without merit: Rule 6(d) permits "attorneys for the government" to be present while the grand jury is in session, and the AUSA was certainly that. *See*, *United States v. Smith*, 324 F.3d 922, 924-25 (7th Cir. 2003); *United States v. McDougal*, 906 F. Supp. 499, 502 (E.D. Ark. 1995); *United States v. Hart*, 779 F. Supp. 883, 892 (E.D. Mich. 1991). In any event, the defendant has alleged no facts suggesting that he was prejudiced by the purported violation or that the grand jury proceedings were fundamentally unfair. *See*, *Plesinski*, 912 F.2d at 1038; *see also*, *United States v. Mechanik*, 475 U.S. 66, 70 (1986); *United States v. Knight*, 342 F.3d 697, 712-13 (7th Cir. 2003); *United States v. Durham*, 941 F.2d 886, 892 (9th Cir. 1991). And because the defendant was convicted at trial pursuant to a verdict of the petit jury, any error in the grand jury proceeding was harmless beyond a reasonable doubt. *See*, *United States v. Dunn*, 723 F.3d 919, 928 (8th Cir. 2013); *United States v. Bowie*, 618 F.3d 802, 818 (8th Cir. 2010); *United States v. Fenner*, 600 F.3d 1014, 1021-22 (8th Cir. 2010); *United States v. Rodriguez*, 581 F.3d 775, 804 (8th Cir. 2009).

### INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, the defendant raises three claims of ineffective assistance of counsel: he claims that counsel was ineffective in failing "to argue jurisdiction and lack of subject matter jurisdiction" relating to his purportedly defective indictment, in failing "to argue that the statue [sic] of jurisdiction must appear together[,]"[2] and by not arguing that the indictment omitted an essential element of the crime. Filing 334 at 17, 18, 22.

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. Gregg v. United States, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. Paul v. United States, 534 F.3d 832, 837 (8th Cir. 2008)

The Court finds neither deficient performance nor prejudice here. The defendant's argument is essentially that his counsel was ineffective in failing, at or before trial, to raise the jurisdictional arguments that the Court discussed above. Because the Court finds absolutely no merit to those arguments, the Court concludes that counsel did not perform deficiently by failing to raise them, and that the defendant was not prejudiced by his counsel's failure to make meritless arguments.

### CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily

---

[2] The defendant cites several jurisdictional statutes which relate to federal maritime or proprietary jurisdiction. Filing 334 at 18 (citing 18 U.S.C. § 2111, 18 U.S.C. § 7, 18 U.S.C. § 13, and 40 U.S.C. § 3112). As explained above, those jurisdictional statutes have no bearing in this case, where jurisdiction is based on the violation of a federal statute enacted pursuant to Commerce Clause authority.

dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 334) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 18th day of October, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge